**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JAHMAL FULCHER,<br>*Petitioner,*<br><br>v.<br><br>STATE OF CONNECTICUT,<br>*Respondent.* | :<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 3:25-CV-1665 (SVN)<br><br><br><br><br><br>August 19, 2026 |

**ORDER GRANTING MOTION TO DISMISS**

Before the Court are Respondent State of Connecticut's motion to dismiss Petitioner Jahmal Fulcher's petition for writ of habeas corpus brought under 28 U.S.C. § 2254 (the "operative habeas petition"), ECF No. 15, and Petitioner's motion to amend the operative habeas petition, ECF No. 25. Because granting leave to amend the operative habeas petition would be futile, the Court **DENIES** Petitioner's motion to amend. And because the Court concludes that the operative habeas petition contains no exhausted claims, the Court **GRANTS** Respondent's motion to dismiss and **DISMISSES** the operative habeas petition without prejudice.

## I. BACKGROUND

### A. State Proceedings and Previous Federal Habeas Proceedings

This is Petitioner's second habeas action filed in this court. The Court presumes the parties' familiarity with the state proceedings leading up to Petitioner filing his first federal habeas action. These proceedings are detailed in a previous order from this Court. *See Fulcher v. State of Conn.*, 3:23-CV-00570 (SVN), 2025 WL 2403041, at *1–2 (Aug. 19, 2025). The Court also presumes the parties' familiarity with the first federal habeas action, which culminated in an order dismissing Petitioner's third amended habeas petition without prejudice because it did not contain any exhausted claims and exhaustion could not be excused. *See id.* at *10.

B. Current Federal Habeas Proceedings

Less than two months after the Court dismissed Petitioner's third amended habeas petition, Petitioner filed the operative habeas petition in this case. *See* Pet., ECF No. 2. The operative habeas petition contains five claims: (1) an ineffective assistance of counsel claim alleging that attorney Kevin Smith coerced Petitioner into pleading guilty by threatening to withdraw from Petitioner's case due to unpaid attorney's fees, rendering Petitioner's guilty plea involuntary; (2) an ineffective assistance of counsel claim alleging that attorney Michael Alevy failed to present evidence of Smith's threats during a motion to withdraw Petitioner's guilty plea; (3) a due process claim alleging that detectives arrested Petitioner without a warrant, questioned him without *Miranda* warnings, seized Petitioner's phone and its contents without a warrant, and obtained call history and geolocation data without judicial authorization; (4) a due process claim alleging that Petitioner's guilty plea was unknowing and involuntary because Smith threatened Petitioner and failed to move to suppress illegally obtained evidence; and (5) "[c]umulative [e]rror." *Id.* at 9–17.

Respondent moves to dismiss the operative habeas petition because Petitioner "again brings to this Court five claims that he has not exhausted by fairly presenting them to the courts of Connecticut." Memo. In Supp. of Mot. to Dismiss, ECF No. 16 at 14. Respondent argues in the alternative that, even if one claim is exhausted, the operative habeas petition is "at best" a "mixed petition" and must still be dismissed. *Id.* at 19. After Petitioner failed to file a response to Respondent's motion to dismiss, the Court *sua sponte* extended the deadline for filing response. Order, March 2, 2026, ECF No. 18. On Petitioner's motion, the Court extended that deadline again. Order, March 18, 2026, ECF No. 21. Petitioner then filed a one-page response, stating that "[t]he basis for these objections are fully articulated in the accompanying Amended Petition and all its attachments." Resp., ECF No. 24. Petitioner also filed a motion for leave to amend the

operative habeas petition and a proposed amended habeas petition. Mot. for Am., ECF No. 25; Am. Pet., ECF No. 25-1. Respondent opposes the motion for leave to amend, Opp. Br., ECF No. 28, and Petitioner has filed a reply to that response. Reply Br., ECF No. 38.

## II. MOTION TO AMEND

Because the filing of an amended habeas petition will, under some circumstances, render a motion to dismiss moot, the Court first considers Petitioner's motion for leave to amend the operative habeas petition. *See Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (noting that "an amended pleading ordinarily supersedes the original and renders it of no legal effect" (internal quotation marks and citation omitted)); *Dubose v. Quiros*, No. 3:25-CV-271 (SVN), 2026 WL 395925, at *3 (D. Conn. Feb. 12, 2026) (denying motion to dismiss habeas petition because the subsequently filed amended habeas petition rendered the original habeas petition of no legal effect).

Motions to amend habeas petitions are evaluated under Federal Rule of Civil Procedure 15(a). *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001) (noting that, because "motions to amend are not successive habeas petitions, the standard for granting or denying a motion to amend is thus governed by Federal Rule of Civil Procedure 15(a)"). Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

Under Rule 5(a) of the Rules Governing Section 2254 Cases, "[t]he respondent is not required to answer the petition unless a judge so orders," so the operative habeas petition is not "one to which a responsive pleading is required" under Rule 15(a)(1)(B). Accordingly, Petitioner

may amend his operative habeas petition "once as a matter of course" only by filing an amended habeas petition "21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). Because the Court served the operative habeas petition on Respondent on December 1, 2025, *see* Order to Show Cause, ECF No. 12, any amended habeas petition filed as "a matter of course" would have been due by December 22, 2025. *See* Fed. R. Civ. P. 15(a)(1)(A). And because Petitioner did not file his amended habeas petition until April 1, 2026, *see* ECF No. 25-1, he cannot amend his operative habeas petition "as a matter of course." Fed. R. Civ. P. 15(a)(1).

When a party may not amend a pleading "as a matter of course" under Rule 15(a)(1), he may still amend his pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Petitioner's motion to amend the operative habeas petition does not indicate that he obtained Respondent's written consent, so he can only file an amended habeas petition with the Court's leave, which he has sought. *See* Mot. to Am., ECF No. 25; *see also* Fed. R. Civ. P. 15(a)(2). And under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Nevertheless, "justice does not so require" granting leave to amend "'when amendment would be futile.'" *Stegemann v. United States*, 132 F.4th 206, 210 (2d Cir. 2025) (quoting *Jones v. N.Y. State Div. of Mil. & Naval Affs.*, 166 F.3d 45, 50 (2d Cir. 1999)). Amendment is futile when "there is no merit in the proposed amendments," *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990), or when the amended pleading "could not withstand a motion to dismiss," *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164–65 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Lucente v. IBM Corp.,* 310 F.3d 243, 258 (2d Cir. 2002)). A habeas petition cannot withstand a motion to dismiss if it contains even a single unexhausted claim. *See Thigpen v. Brown*, No. 06-CV-3110 (NG) (VVP), 2008 WL 5110890, at *5 (E.D.N.Y. Dec. 2, 2008) (noting

that "[i]f a petition contains even a single unexhausted claim alongside exhausted claims in a habeas petition, it is considered a 'mixed petition[,]'" and "must be dismissed, even if some or all of the petitioner's claims have merit." (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)).

Petitioner's proposed amended habeas petition contains four claims: (1) an actual innocence claim; (2) an ineffective assistance of counsel claim alleging that Smith coerced Petitioner into pleading guilty and failed to move to suppress illegally obtained evidence; (3) an ineffective assistance of habeas counsel claim; and (4) a due process claim concerning the "use of false and fabricated evidence . . . " ECF No. 25-1 at 3–7. But for reasons that will be explained more fully below, only the ineffective assistance of counsel claim alleging that Smith coerced Petitioner into pleading guilty is *potentially* exhausted. The rest of the claims in the proposed amended habeas petition are unexhausted.

Thus, because the amended habeas petition, like the operative habeas petition, is at best a mixed petition, the Court agrees with Respondent that granting leave to amend the operative habeas petition would be futile because the amended habeas petition would not survive a motion to dismiss. *See* ECF No. 28 at 10 (arguing that "the proposed amended petition would continue to advance unexhausted claims and, at best, would constitute a 'mixed petition' subject to dismissal. The requested amendment, therefore, is futile."); *see also Thigpen*, 2008 WL 5110890, at *5; *Williams v. Reiser*, No. 17-CV-1040 (JLS) (HBS), 2020 WL 3097181, at *2 (W.D.N.Y. June 11, 2020) (noting that "[a]mendment is futile if the proposed claims are unexhausted and the 'proposed amended pleading would be subject to immediate dismissal.'" (brackets omitted) (quoting *Jones*, 166 F.3d at 54–55). Accordingly, Petitioner's motion to amend his operative habeas petition, ECF No. 25, is **DENIED**. *See Douglas v. Walker*, No. 99-CV-3626 (VM) (KNF), 2000 WL 943509,

at *2 (S.D.N.Y. July 7, 2000) (denying motion to amend habeas petition where "amendment of the petition would be futile because the claim sought to be added to the petition is unexhausted").

## III. MOTION TO DISMISS

Because the Court denies Petitioner leave to file an amended petition, the Court next considers Respondent's motion to dismiss the operative habeas petition.

### A. Legal Standards

#### *1. Motions to Dismiss Habeas Petitions*

A motion to dismiss a habeas petition, like any other motion to dismiss a civil complaint, is governed by Federal Rule of Civil Procedure 12(b)(6). *Spiegelmann v. Erfe*, No. 3:17-CV-2069 (VLB), 2018 WL 1582549, at *1 (D. Conn. Mar. 29, 2018) (reviewing motion to dismiss § 2254 petition under Fed. R. Civ. P. 12(b)(6)). To survive dismissal, the petition must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although "detailed factual allegations" are not required, a petition must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57.

Because Petitioner filed the operative habeas petition *pro se*, the Court must construe his filings "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). But "[d]espite the special solicitude that the Court must show [Petitioner] out of consideration for his *pro se* status, his petition must still include sufficient factual allegations to meet the standard of facial plausibility to survive a motion to dismiss under Rule 12(b)(6)." *Anderson v. Williams*, No. 3:15-CV-1364

(VAB), 2017 WL 855795, at *6 (D. Conn. Mar. 3, 2017) (italicization added; citation and internal quotation marks omitted).

In considering a motion to dismiss, a court typically may consider only the complaint, or, here, the petition. But the petition "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference," as well as any documents deemed "integral" to the petition. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (citations and internal quotation marks omitted). The Court may also take judicial notice of documents filed in other courts, "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). To that end, because the petition relies on the various state court proceedings underlying the procedural history of this case, the Court will consider the documents relevant to those proceedings. *See Mourning v. Zyrenda*, No. 3:02-CV-2318 (MRK), 2004 WL 1774628, at *1 n.2 (D. Conn. Aug. 4, 2004) (taking "judicial notice of cases filed in this Court and in state court as well as rulings and pleadings filed in those cases"). The Court will also rely on the record from Petitioner's previous federal habeas case. *See id.*

2. *Exhaustion of State Court Remedies*

Congress codified "the long-established principle that a state prisoner seeking federal habeas review of his conviction ordinarily must first exhaust available state remedies" in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254(b)(1)(A) (stating that a habeas petition shall not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]"); *Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 190 (2d Cir. 1982) (footnote omitted) (collecting cases). The exhaustion doctrine "provides that a habeas petitioner seeking to upset his state conviction on

federal grounds must first have given the state courts a fair opportunity to pass upon his federal claim." *Daye*, 696 F.2d at 191 (citing *Picard v. Connor,* 404 U.S. 270, 275 (1971). This requirement "springs primarily from considerations of comity" and out of "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." *Id.* (citations omitted).

"To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (citing *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). To "fairly present" a federal claim to the state courts, the petitioner must "inform[ ] the state court of both the factual and the legal premises of the claim he asserts in federal court." *Daye*, 696 F.2d at 191 (citing *Picard*, 404 U.S. at 276–77; *Twitty v. Smith*, 614 F.2d 325, 331 (2d Cir. 1979)).

"Fair presentation" requires the petitioner to "set forth in state court all of the essential factual allegations asserted in his federal petition," because "if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." *Id.* (citing, *inter alia*, *Picard*, 404 U.S. at 276–77). The petitioner must also "place[ ] before the state court essentially the same legal doctrine he asserts in his federal petition" because "[t]he chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Id.* at 192 (citing, *inter alia, Picard*, 404 U.S. at 276). Importantly, the exhaustion doctrine "would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts." *Picard*, 404 U.S. at 276. "Only if the state courts have had the first opportunity to hear

the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.*

A habeas petitioner need not "cit[e] 'book and verse on the federal constitution'" to "fairly present" each claim. *Daye,* 696 F.2d at 191 (quoting *Picard*, 404 U.S. at 278 (quotation omitted)). A habeas petitioner may, instead, "include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *Id.* at 194. "In all such circumstances the federal habeas court should assume that the state courts . . . have been alerted to consider, and have considered, the constitutional claim." *Id.* (internal citations omitted).

In some instances, a federal habeas petition may be "mixed," meaning that it contains "both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005). When presented with a mixed petition, a district court has discretion either to dismiss the petition in its entirety, or to stay the federal habeas proceeding to afford the petitioner an opportunity to exhaust his unexhausted claims in state court. *Id.* at 278–79; *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001). Staying the federal habeas proceeding is generally disfavored because it frustrates the objectives of the exhaustion requirement; thus, a stay is available "only in limited circumstances." *Rhines*, 544 U.S. at 277.

While "the procedural complexities confronting a habeas petitioner proceeding under the [AEDPA] are considerable," *Wright v. Conway*, No. 906-CV-0319 (FJS) (GHL), 2007 WL 4119195, at *1 (N.D.N.Y. Nov. 16, 2007) (citing *Zarvela*, 254 F.3d at 378), determining whether a federal habeas petitioner has exhausted his claims under the AEDPA is relatively

straightforward: the Court must determine whether the Petitioner has both (1) raised a claim "in each appropriate state court (including a state supreme court with powers of discretionary review)," *Baldwin*, 541 U.S. at 29; and (2) raised the "substantial equivalent" of that claim in his federal habeas petition, *Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003) (noting that "[t]he claim presented to the state court . . . must be the 'substantial equivalent' of the claim raised in the federal habeas petition." (citing *Strogov v. Att'y Gen. of N.Y.*, 191 F.3d 188, 1991 (2d Cir. 1999) (quoting *Piccard*, 404 U.S. at 278)); *see also Aparicio v. Artuz*, 269 F.3d 78, 89–90 (2d Cir. 2001) (noting that "[t]o satisfy § 2254's exhaustion requirement, a petitioner must present the substance of the same federal constitutional claims that he now urges upon the federal courts to the highest court in the pertinent state[.]" (quotation marks, citations, and alteration omitted)).

B. Discussion

*1. Failure to Exhaust*

To start, any claim that Petitioner previously raised in state courts—either on direct appeal or through state habeas proceedings—that was not presented to the Connecticut Supreme Court is unexhausted. *See, e.g.*, *Floyd v. Murphy*, No. 3:01-CV-1221 CFD, 2008 WL 616090, at *14 (D. Conn. Mar. 3, 2008) (concluding that claim was unexhausted because petitioner did not present it in his petition for certification to the Connecticut Supreme Court); *Lopez v. Quiros*, No. 3:22-CV-565 (SVN), 2023 WL 2384112, at *6 (D. Conn. Mar. 6, 2023) (concluding that petitioner exhausted one claim by seeking review of it before the Connecticut Supreme Court but not another claim as to which he did not seek review); *Fulcher,* 2025 WL 2403041, at *5. Because Petitioner has not presented any new claims to the Connecticut Supreme Court since the Court dismissed his

third amended habeas petition in August of 2025,[1] all claims aside from the single claim that Petitioner previously presented to the Connecticut Supreme Court—"whether a guilty plea that is entered as a result of defense counsel's threat to withdraw shortly before trial may render that guilty plea involuntary"—*see* Resp. App. E, ECF No. 16-5 at 2, fall into this category. Thus, the Court considers whether Petitioner presented the "substantial equivalent" of that claim in his operative habeas petition. *See Jones*, 329 F.3d at 295. This, as the Second Circuit has recognized, is often a "difficult question." *Daye*, 696 F.2d at 192.

This question is "difficult" because the same facts may sometimes give rise to multiple constitutional violations. *See*, *e.g.*, *United States v. Ghailani*, 743 F. Supp. 2d 242, 256 (S.D.N.Y. 2010) (noting that "[a] coerced confession case . . . may involve more than one constitutional violation . . . ."). Thus, a habeas petitioner's alleged involuntary guilty plea may give rise to both an ineffective assistance of counsel claim and a due process claim. *See*, *e.g.*, *United States v. Norris*, 109 F. App'x 470 (2d Cir. 2004) (summary order) (considering appeal asserting both that defendant "received ineffective assistance of counsel that resulted in an unknowing and involuntary plea" and that "this involuntary plea violated his Fifth Amendment right to due process . . ."). But even though the same set of facts may give rise to more than one constitutional claim, each individual claim must be "fairly presented" to the state's highest courts for it to be considered exhausted. *See Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000) (noting that "[t]o have exhausted claims in state court, petitioner must have 'fairly presented' *each* federal claim to the highest state court." (emphasis added) (quoting *Picard*, 505 U.S. at 275)); *Anderson*

[1] Petitioner has a pending habeas petition in state court. *See* Resp. App. B, ECF No. 16-2 (docket from state habeas action). But according to the docket from that case, trial on the habeas petition is not scheduled until May 25, 2027. *See id.* at 3. To exhaust any claim from that state habeas action, Petitioner must "'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)[.]" *Baldwin*, 541 U.S. at 29. Because the habeas action will not conclude in the habeas court until May of 2027, Petitioner cannot have fairly presented any claim from the pending habeas action to the Connecticut Supreme Court as of the date of this ruling.

*v. Harless*, 459 U.S. 4, 6 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made.") (citations omitted).

The operative petition contains both ineffective assistance of counsel claims and a due process claim related to Attorney Smith. *See* ECF No. 2 at 9, 11, 15. The first ineffective assistance of counsel claim is directed at Attorney Smith (Ground One). *See id.* at 9. The second ineffective assistance of counsel claim is directed at Attorney Alevy (Ground Two). *See id.* at 11. And the due process claim (Ground Four) is, in part, a freestanding component of the ineffective assistance of counsel claim directed at Attorney Smith. *See id.* at 15. The Court previously concluded that Ground Two was unexhausted. *See Fulcher*, 2025 WL 2403041, at *8–9. So, to be properly exhausted, either Ground One or Ground Four must be the "substantial equivalent" of the single claim Petitioner raised before the Connecticut Supreme Court. *See Jones*, 329 F.3d at 295.[2]

Respondent argues that "the evidentiary concern raised to the [Connecticut] Supreme Court is not subsumed within the question regarding Smith's representation that is raised in the instant petition." ECF No. 16 at 19. In its order granting Respondent's previous motion to dismiss, the Court tended to agree. *See Fulcher*, 2025 WL 2403041, at *8 (noting that "the Connecticut Supreme Court . . . was invited to consider the sufficiency (or lack thereof) of the evidentiary record before the state habeas trial court"). But the Court nevertheless left open the possibility that if Petitioner had argued that "Smith was ineffective because he coerced Petitioner into pleading guilty . . .[,] his involuntary plea and ineffective assistance claims might be considered

[2] Ground Three, alleging due process violations related to the warrantless arrest, interrogation without *Miranda* warnings, and searches and seizures, cannot possibly be the substantial equivalent of the only claim presented to the Connecticut Supreme Court. *See* ECF No. 2 at 13. Nor can Ground Five, which simply alleges cumulative error—a ground that must be exhausted in the state courts. *Id.* at 17; *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006).

intertwined, such that raising the involuntary plea issue to the Connecticut Supreme Court would have effectively raised the ineffective assistance issue as to Smith, too." *Id.* However, the Court need not decide the "difficult question" of whether Ground One or Ground Four is the "substantial equivalent" of the single claim Petitioner presented to the Connecticut Supreme Court because, even if Grounds One and Four are "substantial[ly] equivalent" to that single claim, Petitioner raised this claim for the first time before the Connecticut Supreme Court, which does not suffice for exhaustion. *Daye*, 696 F.2d at 192; *Jones*, 329 F.3d at 295.

To properly exhaust a claim, a habeas petitioner must "'fairly present' his claim in *each* appropriate state court (*including* a state supreme court with powers of discretionary review)." *Baldwin*, 541 U.S. at 29 (emphasis added). Thus, "[a] Connecticut habeas petitioner 'fairly presents' his claims in 'each appropriate state court' by filing a direct appeal with the Connecticut Appellate Court and then, if the judgment is affirmed, filing a petition for certification with the Connecticut Supreme Court." *Dubose*, 2026 WL 395925, at *6 (citing *Wright v. Lee*, No. 3:09-CV-1206 (SRU), 2017 WL 2938193, at *9 (D. Conn. July 10, 2017) (stating that "a petitioner may not exhaust a claim by first raising it in a petition for certification to the Connecticut Supreme Court, without raising it on appeal to the Appellate Court")); *see also Abrahams v. Comm'r of Corr.*, No. 3:10-CV-519 (MRK), 2010 WL 5093113, at *6 (D. Conn. Dec. 8, 2010) (noting that habeas petitioner could "fully exhaust [his] claims by appealing the Superior Court's decision regarding his fourth state habeas petition to the Appellate Court and then seeking review of the Appellate Court's decision in the Connecticut Supreme Court").

The U.S. Supreme Court has held that a habeas petitioner does not "fairly present" a claim "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor[.]'"

*Castille v. Peoples,* 489 U.S. 346, 351 (1989) (citing Pa. Rule App. Proc. 1114). Thus, the Second Circuit has held that "[p]resenting a claim for the first time to a state court of discretionary review is insufficient to exhaust the claim unless the court considers it." *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000) (citing *Castille,* 489 U.S. at 351); *see also Wright*, 2017 WL 2938193, at *9 (stating that "a petitioner may not exhaust a claim by first raising it in a petition for certification to the Connecticut Supreme Court, without raising it on appeal to the Appellate Court.").

In his petition for certification to appeal to the Connecticut Supreme Court, Petitioner argued that "[t]he court should grant this petition because it involves an issue that apparently has never been addressed by this court or the Appellate Court—namely, whether a guilty plea may be rendered involuntary if it is the result of defense counsel's threat to withdraw from the case." Resp. App. E, ECF No. 16-5 at 7. If the issue "ha[d] never been addressed by [the Connecticut Supreme Court] or the Appellate Court," *id.*, it necessarily follows that Petitioner raised this issue "for the first time to a state court of discretionary review . . . ." *Lurie*, 228 F.3d at 124.

The record confirms this conclusion. Petitioner raised an ineffective assistance of counsel claim against Smith in both the trial court and habeas court. In the trial court, Petitioner argued in his motion to withdraw his guilty plea that Smith provided ineffective assistance to Petitioner and rendered his guilty plea involuntary by "fail[ing] to file and argue pretrial motions; fail[ing] to discuss newly discovered evidence or information regarding Jasmine Bookert Perry[3] received after jury selection; fail[ing] to disclose the newly discovered evidence or information regarding Jasmine Bookert Perry in a timely manner; and cancelling a purportedly scheduled court date without consulting the petitioner and only having him brought to court on the day before trial to

[3]According to Petitioner, Jasmine Perry "told police that the petitioner gave her boyfriend, Errol Marshall, a gun on the night of the shooting[.]" *See Fulcher*, 3:23-CV-00570 (SVN), Resp. App. D to Mot. to Dismiss, ECF No. 11-5 at 9.

discuss Attorney Smith's altered opinion of the case and to convince the petitioner to enter a guilty plea." *Fulcher v. Comm'r of Correction*, No. CV-16-4007711-S, 2020 WL 2060549, at *1–2 (Conn. Super. Ct. Mar. 18, 2020). And Petitioner's direct appeal is not relevant because he did not pursue that appeal to the Connecticut Supreme Court. *See Fulcher*, 2025 WL 2403041, at *1.

In the habeas court, Petitioner's ineffective assistance of counsel claim against Smith was "supported by completely different sets of factual allegations." *Fulcher*, 2020 WL 2060549, at *2. Petitioner's state habeas petition "allege[d] Attorney Smith's failures pertaining to information from [private investigator] Hoda's investigation and developing a defense to the state's evidence." *Id.* The habeas court's decision mentions "communications between Attorney Smith and the petitioner's family in which Attorney Smith demanded payment of the outstanding amounts due for his representation," *id.*, at *7, but the habeas court mentions this in the context of an ineffective assistance of counsel claim against Attorney *Alevy* in which Petitioner argued that Alevy "fail[ed] to introduce evidence of the breakdown in the attorney-client relationship in support of the motion to withdraw the petitioner's guilty plea." *Id.* As this Court recognized in its order dismissing Petitioner's third amended habeas petition, the questions of whether Attorney Alevy rendered ineffective assistance of counsel to Petitioner and whether Petitioner's guilty plea may be involuntary if it was the result of Attorney Smith's threat to withdraw from the case are "entirely different questions, both factually and legally." *Fulcher*, 2025 WL 2403041, at *9. Thus, the Court concludes that Petitioner did not argue in the trial court or the habeas court what he argued in his petition for certification to appeal to the Connecticut Supreme Court: that his guilty plea was "rendered involuntary" as a "result of [Smith's] threat to withdraw from the case." ECF No. 16-5 at 7.

Nor did Petitioner assert this claim in his habeas appeal. Petitioner argued there that "Smith was ineffective for advising the petitioner to plead guilty without adequately investigating and advising him about a reasonable alternative defense strategy that included calling Adams as a witness at trial." *Fulcher*, 3:23-CV-00570-SVN, Resp. App. D, ECF No. 11-5 at 16 (habeas appeal brief). Petitioner also argued that "[t]he habeas court erred in concluding that Attorney Alevy was not ineffective for failing to present evidence and argue that the petitioner's plea was involuntary due to Attorney Smith's threat to withdraw." *Id.* at 26. This claim, however, is again directed at Attorney *Alevy*'s effectiveness, not *Smith*'s.

Thus, the record supports Petitioner's assertions in his petition for certification to appeal that the single claim raised before the Connecticut Supreme Court had never been addressed by any court. *See* Resp. App. E, ECF No. 16-5 at 2 (noting that, "[a]t the original hearing on his motion to withdraw his guilty plea, the attorney appointed to represent him, Michael Alevy, did not present any evidence or argument relating to Smith's last-minute threat to withdraw"); *id.* at 7 (noting that "[t]he habeas court and the Appellate Court did not squarely address this issue."); *id.* (noting that this issue "ha[d] never been addressed by th[e] [Connecticut Supreme Court] . . . ."); *id.* at 10 (asking the Connecticut Supreme Court to "grant this petition so that the petitioner finally has a fair opportunity to present this claim").

Because the record shows that Petitioner raised this claim for the first time in the Connecticut Supreme Court, and because that court declined to consider it, *see Fulcher v. Comm'r of Corr.*, 343 Conn. 918 (2022), the claim is unexhausted. *See Lurie*, 228 F.3d at 124. And because this was the only claim that could potentially be exhausted, the Court cannot conclude that Petitioner has exhausted any claim in his operative habeas petition under 28 U.S.C. § 2254(b)(1)(A).

2. *Excusal of Exhaustion*

Exhaustion may be excused if the habeas petitioner can demonstrate that it would be futile. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Exhaustion is futile when "there is an absence of available State corrective process," or when "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). "In other words, there must be *no opportunity* to obtain redress in state court or the state process must be *so clearly deficient* as to render *futile* any effort to obtain relief." *Jumpp v. Cournoyer*, No. 3:15-CV-00892 (VLB), 2016 WL 3647146, at *3 (D. Conn. June 30, 2016) (emphasis in original) (citing *Duckworth*, 454 U.S. at 3).

Because the record does not suggest that Petitioner should be excused from his exhaustion obligation due to a lack of "opportunity to obtain state court redress" or that a state court "corrective process is so clearly deficient to render futile any effort to obtain relief," *Duckworth*, 454 U.S. at 3; 28 U.S.C. § 2254(b)(1)(B), Petitioner's federal habeas petition containing only unexhausted claims must be dismissed without prejudice. *Kaddah v. Lee*, No. 3:08-CV-519 (SRU), 2008 WL 4534264, at *2 n.2 (D. Conn. Oct. 7, 2008) (concluding that habeas petition containing only unexhausted claims "is not a mixed petition and must be dismissed"); *Schlosser v. Quiros*, No. 3:22-CV-1620 (VLB), 2023 WL 7300564, at *8 (D. Conn. Nov. 6, 2023) (concluding that "fully unexhausted" habeas petition "must be dismissed without prejudice").

## IV. CONCLUSION

For the reasons set forth in this ruling, the Court grants the motion to dismiss, ECF No. 15, denies Petitioner's motion to amend the operative habeas petition, ECF No. 25, and dismisses the operative habeas petition, ECF No. 2, without prejudice.

Based on the record before the Court, jurists of reason would not find it debatable that Petitioner failed to exhaust his state court remedies. Thus, a certificate of appealability will not issue. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to enter judgment for Respondent and close this case.

**SO ORDERED** at Hartford, Connecticut, this 19th day of August, 2026.

*/s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE